ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 9 2010
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| JAMES EDWARD MCGREW, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-667-Y |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Edward McGrew, TDCJ-ID #637975, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

McGrew was convicted in 1993 of aggravated robbery with a deadly weapon in Tarrant

County, Texas, and continues to serve his 75-year sentence. (Resp't Answer, App. A)

### D. Issues

McGrew challenges his confinement, as violative of various constitutional rights, on the basis that the Texas Board of Pardons and Paroles incorrectly lists his last name first and does not reflect the correct date of his offense on its time sheet. (Petition at 7)

### E. Rule 5 Statement

Thaler filed an answer seeking dismissal of McGrew's petition without prejudice on exhaustion grounds or denial on the merits, to which McGrew replied. (Resp't Answer at 3-5)

### F. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this

instance, a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005 & Supp. 2009); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003). Moreover, before seeking relief under article 11.07, Texas inmates are required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000). McGrew has not availed himself of the administrative review process set forth in § 501.0081 or sought habeas relief in state court. (Resp't Answer, Apps. C & D)

McGrew has not exhausted his administrative and state court remedies in a procedurally correct manner with respect to the issues presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. In fact, McGrew concedes that he has not pursued state remedies and raises his claims for the first time in this federal petition. Thus, McGrew's claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

To satisfy the exhaustion requirement, McGrew must first pursue his claims, both, through the administrative process, if necessary, and by way of state application for writ of habeas corpus. Only after his state remedies are concluded may he raise his complaints in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).[1] Absent a showing that state remedies are inadequate, such showing not having been demonstrated by McGrew, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v.*

---

[1] It is noted that the District Court may, in its discretion, deny relief on the instant federal petition notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2).

3

*Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that McGrew can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

McGrew's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[2]

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 12, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing petitions in federal court. 28 U.S.C. § 2244(d).

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 12, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 19, 2010.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE